SOLOMON DEPUTY, d. b. *vs.* ISAAC BETTS, p. b.

On a certiorari, errors not specified in the exceptions will not be considered by the court.

A justice of the peace may adjourn a cause without the application of either party, if the record shows that the adjournment was necessary.

Appearance of parties cures prior defects.

Referees may adjourn a cause to a day certain, for consideration or award; and they may do so without the application of either party.

The record must show that all the referees were sworn, though the award of a majority will be sufficient.

A new trial must be demanded, but need not be had, within fifteen days after the judgment.

General exceptions, not specifying any error in particular, will not be regarded.

CERTIORARI to Alanson Dickerson, Esquire. The exceptions sufficiently appear from the following judgment of the court.

BOOTH, *Chief Justice.*—1. The first exception states "that the cause was not continued by the justice, from the 29th of March, 1845, to the 12th of April, 1845, as the same should have been continued, according to the form of the act of the general assembly in such case made and provided."

This exception is vague and uncertain. It ought to have stated some particular defect in the record; as no error will be considered by the court, unless specially alledged. In *Tinley* vs. *Todd,* 2 *Harr.* 290, the exception to the record was, "that no warrant or summons was issued or served, according to the act of assembly in such case made and provided." The court decided, that the exception was too general; and that it ought to have pointed out the particular error intended to be relied on.

2. The second exception alledges, "that the cause was adjourned from the 29th of March, 1845, to the 12th of April, 1845, without the oath of either plaintiff or defendant, required by the act of assembly, to justify a second continuance; the cause having first been continued by the justice, from the 15th of March, 1845, to the 29th of March, 1845."

The record shows that neither of the parties appeared on the 15th of March, 1845, the return day of the summons; for which reason the justice (as he was bound to do) adjourned the cause to the 29th of March, 1845; that both parties appeared on that day, and claimed a trial by referees; and that a summons was issued for the referees, to appear on the 12th of April. The case was therefore, necessarily adjourned to the 12th of April; because until then, it could not be tried. In such case no affidavit of either party was requisite. But

the appearance of both parties on the 12th of April, was a waiver of all objections to both the first and second adjournments, supposing any objection could legally exist. The justice, where the trial is before himself, may adjourn the cause, without the application or oath of either party; where such adjournment appears from the record to be necessary for the purposes of justice, and for a fair trial between the parties. (See *Wright* vs. *Hayes*, 2 *Harr.* 390.)

3. The third exception is, " that the cause was continued by the justice, from the 12th day of April, 1845, a third time, to the 26th day of April, 1845, without the oath of either plaintiff or defendant, to justify said third continuance."

The record shows that the parties and referees appeared on the 12th of April: that the referees were duly sworn and went into the trial; but, for want of witnesses, the referees adjourned the cause to the 26th of the same month. The exception alledges, directly contrary to the record, that the justice continued the cause; whereas the referees made the adjournment, and not the justice. They had authority to do so; he had not. In the case of *Kinney* vs. *Adams'* *garnishee*, 2 *Harr.* 358, this court decided, that the law regards this as a trial by and before the referees, and not before the justice; that he has no power to interfere with such trial, other than to compel the attendance of witnesses, or to aid and protect the referees in the execution of their duty. The act of assembly, by conferring upon referees the power to hear the allegations and proofs of the parties, and to determine the matters in controversy, gives to the referees the implied power of doing such acts as are essential to the faithful performance of their duty. Therefore, when in their judgment it becomes necessary, for the purpose of doing justice between the parties, to adjourn the cause to a particular day; to hear witnesses, or to obtain written evidence, or to deliberate upon their award; they have the right to make such adjournment, without the application or oath of either party.

4. The fourth exception is, " that the cause was further, a fourth time, continued by the justice, from the 26th day of April, 1845, to the 10th, (but of what month is not stated on the record,) without any oath of either plaintiff or defendant to justify said continuance."

The record shows that pursuant to adjournment, the referees met on the 26th of April, 1845, (the parties being present,) and adjourned to the 10th day of May, 1845, manifestly for the purpose of making their award on that day; that they all met on that day, and made and returned to the justice, an award in writing, signed by two of

the referees. The adjournment for such purpose, was proper and legal.

5. The fifth exception is, "that the cause appears to have been heard by the referees, and before the justice on the 10th day of May, 1845, in the absence of both plaintiff and defendant."

This exception is not supported by the record. The cause was not heard on the 10th of May, by the referees or before the justice; but was adjourned by the referees to that day, not for further hearing; but for making and returning the award. The parties having notice of the prior adjournments, might have attended on the 10th of May, had they chosen to do so. It was not necessary that the award should be made, and returned to the justice, in the presence of the parties.

6. As to the sixth exception: The record shows that all the referees appeared on the 12th of April, were duly sworn, and went into the trial of the cause. It is no objection that but two of them signed the award.

7. The seventh exception, "that no valid or lawful judgment was rendered by the justice upon any valid and lawful report of referees," is altogether vague and uncertain. The exception ought to show specially, in what particular respects, the judgment and report were not valid or lawful. The report was made and judgment rendered according to it, on the 10th of May, 1845, for the plaintiff against the defendant, specifying the sum mentioned in the report; and also the amount of the costs. The report, and entry of judgment, are in conformity with the act of assembly.

8. The eighth exception alledges, "that it does not sufficiently appear upon whose application the new trial was granted; that it was error, if granted on the application of the plaintiff; and was equally erroneous, if granted on the application of the defendant.

The record distinctly shows, that there was a report and judgment in favor of the plaintiff, for twelve dollars, exclusive of costs; that both the plaintiff and defendant, within fifteen days from the day of giving the judgment, demanded a new trial; which the law says, shall be granted in a case like this, on the application of the defendant. It is difficult to perceive how the granting of a new trial on the application of the defendant, which the justice, in such case, is bound to grant, becomes a matter of error, because the plaintiff has also made a similar application.

9. The ninth exception alledges, " that the granting a new trial was erroneous, because the remedy of the party aggrieved was by way of appeal from the judgment."

The only remedy of the defendant was a new trial. He demanded it, and the justice, (as by law he was bound to do,) granted it. The remedy of the plaintiff, if aggrieved, was by way of appeal from the judgment. But this cannot make it error to grant a new trial on the application of the defendant.

10. The tenth exception alledges against the record, "that neither of the parties had notice of the granting of a new trial:" whereas the record shows that both parties were present when a new trial was demanded and granted.

11. The eleventh exception states, "that it does not appear at what time the new trial was granted, or that the seventh day of June, 1845, on which day the referees were summoned to appear, was within fifteen days from the day of granting the new trial."

The record expressly states, that the new trial was demanded and granted within fifteen days from the day of giving the judgment, which is all that the law requires. It is no defect, because the record does not show that the day appointed for the appearance of the referees was within fifteen days from the day of granting the new trial. The fair inference from the record is, that it *was* within fifteen days. But admitting it was not, it is no error.

12. The twelfth exception is, "that the cause was continued from the 7th day of June, 1845, to the 18th of June, 1845, without the oath or affidavit of either the plaintiff or defendant."

The record shows, that the referees were summoned to appear on the 7th of June, 1845, and that they and the parties appeared on that day; that the referees were duly sworn; went into the trial of the cause; and after hearing the witnesses and parties, adjourned to the 18th of June, 1845; on which day they met; made a report under their hands, and returned the same to the justice; who gave judgment according to the report. The directions of the act of assembly in these respects have been strictly complied with. The affidavit of either party was neither requisite nor proper.

13. The thirteenth exception is too vague and uncertain. It does not point out in what respects the referees had not been lawfully appointed, or had no right to audit and settle the cause between the parties. The record clearly shows, that they were legally appointed, and had a right to try and determine the cause upon the second trial. The first trial was by referees, and claimed by both parties. In *Wright* vs. *Hayes*, 2 *Harr*. 391, it was decided, that after a party had claimed and had a trial by referees, a subsequent trial may be had by the same mode, without a renewed application for a

trial by referees. The election of the party controls the mode of trial; and once made, it continues as to all subsequent trials, unless it be waived.

,14. The fourteenth exception is, " that the report of the second set of referees was illegal, informal, and unjust."

15. The fifteenth exception is, " that the judgment rendered by the justice for the sum of $18 06, in favor of Isaac Betts against Solomon Deputy, was illegal, unjust and unauthorized."

16. The sixteenth exception is, " that the execution issued upon said judgment was illegal and void."

These exceptions, the 14th, 15th, and 16th, are each too vague and indefinite. They do not specify any particular defect. It does not appear from the record, that there was any illegality or error in the report of the referees appointed on the new trial; or in the judgment of the justice on their report; or in the execution which was issued upon the judgment. All these proceedings are in strict conformity with the law; and the execution is in the very words and form prescribed by the act of assembly.

The opinion of the *Court* is, that the judgment and proceedings below be affirmed.